Filed 6/7/21  P. v. Jeys CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>CARTHELL DAVID JEYS,<br><br>    Defendant and Appellant. | F081349<br><br>(Fresno Super. Ct. No. F20901440)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Jason Szydlik, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P.J., Meehan, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Carthell David Jeys pleaded no contest to possession of child pornography (Pen. Code, § 311.11, subd. (b))[1] and was sentenced to the second strike term of four years in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

On October 22, 2017, defendant was housed at Coalinga State Hospital.[3] At 4:00 a.m., a staff member was checking rooms and noticed defendant had fallen asleep on his bed, the television was on, and the remote control was in his hand. The television was showing images of naked minors. Officers with the hospital's police department responded to defendant's room, observed the video, and seized several electronic and portable drives while he was still asleep.

At 4:15 a.m., the officers woke up defendant and questioned him about the video images on the television. Defendant said he had been watching season seven of "Game of Thrones." The officers showed him a receipt for the items they had seized from his room, and defendant acknowledged those were his belongings. When advised about what the officers had seen on the video, defendant denied watching child pornography.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The facts are from the police report, which the parties stipulated to as the factual basis for defendant's plea, as summarized in the probation report.

[3] In 1992, defendant was convicted of three counts of committing lewd and lascivious acts on a minor under the age of 14 years (§ 288, subd. (a)) and was sentenced to 20 years in prison. In 2003, he was paroled, and then committed to Atascadero State Hospital as a mentally disordered sex offender. In 2008, he was committed to Coalinga State Hospital as a mentally disordered sex offender.

On May 14, 2019, officers conducted a forensic examination of the electronic devices and portable drives seized from defendant's room, pursuant to a search warrant. On one drive, they discovered nearly 300 hundred images of child pornography and the sexual exploitation of children; and 3,800 images of child erotica. They recovered previously deleted files on this same drive that separately contained 355 images of child pornography and erotica, and sexual exploitation of children.

A separate portable drive contained 376 images of child pornography and 3,000 images of child erotica.

On June 26, 2019, officers again met with defendant and advised him about what was on the electronic devices. Defendant said he obtained the devices from another patient. When asked about why he initially lied, defendant said the only thing he cared about on the drive was the "Game of Thrones" video and said he did not watch pornography.

## PROCEDURAL BACKGROUND

On February 26, 2020, a felony complaint was filed in the Superior Court of Fresno County charging defendant with count 1, possession or control of child pornography, with a prior conviction for an offense requiring registration as a sex offender (§ 311.11, subd. (b)), and the special allegation that he had one prior strike conviction based on violating section 288, subdivision (a) in 1992 (§§ 667, subds. (b)–(i) & 1170.12 subds. (a)–(d)).

On May 11, 2020, defendant pleaded no contest to count 1 and admitted the prior strike conviction, pursuant to a negotiated disposition with an indicated second strike term of four years, and the prosecutor stating that he would not allege a third strike conviction that would result in an indeterminate life sentence.

On June 9, 2020, the court sentenced defendant to the lower term of two years, doubled to four years in state prison, as the second strike term, and ordered him to

3.

register pursuant to section 290. The court found defendant did not have the ability to pay any of the fines and fees recommended in the probation report.

On June 19, 2020, defendant filed a timely notice of appeal. The court denied his request for a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 10, 2020, we invited defendant to submit additional briefing.

On December 2, 2020, defendant sent a letter to this court and asserted that someone had walked up to him and slipped a portable drive into his pocket without his knowledge, he never viewed the contents of the drive because he did not possess a television or a player, no one interviewed him about the charge in this case, and the person who put the drive in his pocket said the hospital told him not to worry about any charges.

Defendant's statements are refuted by the police reports that state a member of the hospital staff found him asleep in bed, in front of a television that was playing one of these electronic drives, and he was holding the remote control. He was questioned that night and claimed he was only watching "Game of Thrones." Several months later, defendant was advised about the contents of the drives, and he again claimed he was watching "Game of Thrones." He never stated that someone had placed the drives in his pocket or that he never watched them.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.